## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JUSTIN DAVID SHAFFER**                                                **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 1:13cv514-KS-MTP**

**THE STATE OF MISSISSIPPI &**
**CHRISTOPHER P. EPPS**                                          **RESPONDENTS**

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] under 28

U.S.C. § 2254, filed by Petitioner Justin David Shaffer. Respondents filed their Response [11] to the

Petition on December 16, 2013. Having considered the submissions of the parties and the applicable

law, the undersigned recommends that the Petition [1] be denied and that this matter be dismissed

with prejudice.

## BACKGROUND

On August 14, 2008, Petitioner Justin David Shaffer was convicted of child exploitation in

violation of Miss. Code § 97-5-33(6),[1] and sentenced to a twenty-five year term of imprisonment

without parole and a $50,000 fine in the Circuit Court of Greene County, Mississippi.[2]  He is

currently in the custody of the Mississippi Department of Corrections. The facts of Shaffer's case

are as follows.

On June 29, 2006, Shaffer logged into a Yahoo chat room under the username

---

[1]"No person shall, by any means including a computer, knowingly entice, induce,
persuade, seduce, solicit, advise, coerce, or order a child to meet with the defendant or any other
person for the purpose of engaging in sexually explicit conduct." Miss. Code. § 97-5-33(6).

[2]State Court Record ("SCR") [12-3] at 88.

1

"cowboy39461." Deanna Doolittle also logged into the chat room, posing as a thirteen-year-old girl named Chloe under the username "orlandoluvsme2." Unbeknownst to Shaffer, Dootlittle was actually a twenty-nine-year-old woman serving as a volunteer for an organization called "Perverted Justice." Perverted Justice is an entity that seeks out Internet predators who are looking for minors with whom to have sex.

Doolittle, posing as Chloe, and Shaffer engaged in multiple Internet chats, sometimes discussing sexually explicit topics. Several other Perverted Justice volunteers also posed as Chloe over the course of several phone calls with Shaffer. The two communicated with each other for approximately two months. Eventually, Chloe and Shaffer arranged to meet. Chloe provided Shaffer with the address of a house in Byram, Mississippi, that the Hinds County Sheriff's Department used as a sting house, but Shaffer refused. He proposed meeting at a nearby church in Byram instead. Shaffer arrived at the church on July 8, 2006, where he was promptly arrested by deputy sheriff's officers. Upon a search of Shaffer's vehicle, officers found several condoms and a bottle of KY massage oil. Shaffer was charged with the exploitation of a child by solicitation for the purposes of sexually explicit conduct, and as outlined above, was convicted at trial.

Following his conviction, Shaffer filed a direct appeal to the Mississippi Supreme Court, raising the following issues:

I.      The trial court erred in interpreting Section 97-5-33 of the Mississippi Code to allow a conviction where no actual minor child is involved in the accused's conduct;

II.     The trial court erred in admitting the chat logs because they were not authenticated;

III.    The state violated Mr. Shaffer's right to confront witnesses against him when introducing the chat logs without calling as a witness the persons responsible for the proxy server;

2

IV.     The trial judge erred in failing to recuse herself based on her previous involvement in presiding over an attempted prosecution of Mr. Shaffer in a previous case which resulted in a reversal of the conviction and dismissal of the indictment on remand;

V.      Where the same conduct violates two criminal statutes, an accused may only be sentenced under the statute providing the lesser punishment.[3]

The Mississippi Court of Appeals examined these issues on the merits and reversed Shaffer's conviction, finding that although "[t]he evidence showed that Shaffer used sexually salacious language in chatroom . . . and [attempted] to solicit a child for sexually explicit conduct," no actual child was involved, and thus the case should be remanded for Shaffer to be sentenced for attempted child exploitation.[4]

On June 16, 2011, the Mississippi Supreme Court granted certiorari review.[5] On October 27, 2011, the Mississippi Supreme Court reversed the judgment of the Mississippi Court of Appeals and reinstated the Circuit Court conviction and sentence in a written opinion. The Mississippi Supreme Court noted in its opinion that solicitation was sufficient to violate Mississippi's child exploitation statute, and found that "whether the thing solicited actually exists" to be an irrelevant inquiry. Specifically, the court held, "Mississippi has no crime of attempted child-exploitation because an attempt to exploit a child is, itself, child-exploitation . . . Shaffer will not now be heard to claim that his mistaken understanding of Chloe's age mitigates his attempt to have sex with a minor."[6]

Shaffer filed an Application for Leave to File Motion for Post-Conviction Relief in the

---

[3]*See* Brief of Appellant, SCR, [12-4] at 5.

[4]*Shaffer v. State*, 72 So. 3d 1090 (2010).

[5]Order, SCR, [12-5] at 21.

[6]*Shaffer v. State*, 72 So. 3d 1070, 1072 (2011).

Mississippi Supreme Court on January 22, 2013.[7] He raised the following issues through counsel:

      I.      Shaffer's sentence of twenty five years without parole is disproportionate and violates the Eighth Amendment of the United States Constitution;

      II.     Appellate counsel was ineffective is [*sic*] failing to raise this issue on appeal; and

      III.    Shaffer's conviction violates the prohibition against ex post facto application of law.[8]

The Mississippi Supreme Court denied Shaffer's application on February 20, 2013.

Specifically, the court held:

> After due consideration, the panel finds that Shaffer's *ex post facto* claim is waived as it was raised throughout his trial and appellate proceedings. As to Shaffer's disproportionate sentence claim, the panel finds that it is waived because it was not raised on direct appeal. Regarding Shaffer's ineffective assistance of appellate counsel claim, the panel finds that Shaffer has failed to meet either prong of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), as his sentence was within the statutory limits. Finally, the panel finds that Shaffer has failed to present a substantial showing of the denial of a state or federal right.[9]

Shaffer filed the instant Petition on February 26, 2013,[10] raising the following issues:

      I.      Shaffer's sentence of twenty five years without parole is disproportionate and violates the Eighth Amendment of the United States Constitution;

---

[7] Application, SCR, [12-7] at 4.

[8] *Id.*

[9] Mississippi Supreme Court order denying post-conviction relief [11-3].

[10] The timeliness of the instant Petition was addressed by Report and Recommendation [9] and Order [10]. As outlined by the Court, Shaffer's counsel filed his Petition on February 26, 2013–one day beyond the AEDPA deadline. According to Shaffer's counsel, she mailed the Petition via Federal Express on Saturday, February 23, 2013, because Federal Express promised her on several occasions that a package placed in Federal Express in Jackson, Mississippi before 3:00 p.m. on Saturday would be delivered the following Monday, February 25, 2013. Although Respondents moved to dismiss the Petition on this ground, the Court found that Shaffer's situation presented rare and exceptional circumstances warranting equitable tolling.

II.     Appellate counsel was ineffective is [sic] failing to raise this issue on appeal; and

III.    Shaffer's conviction violates the prohibition against *ex post facto* application of law.

## ANALYSIS

<u>Procedurally Barred Claim</u>

*Disproportionate Sentencing*

Under the procedural-default doctrine, federal courts are precluded from habeas review where the state court declined to address a prisoner's claims for failure to meet a state procedural requirement. In such cases, the state judgment rests on independent and adequate state law grounds. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).[11] To satisfy the "independent" and "adequate" requirements, the state court's dismissal must clearly and expressly reflect that it rests on a state procedural bar, and the bar must be strictly or regularly applied by state courts to the vast majority of similar claims. *Martin v. Maxey*, 98 F. 3d 844, 847 (5th Cir. 1996). The petitioner has the burden of establishing that the state did not strictly or regularly follow a procedural bar. *Stokes v. Anderson*, 123 F. 3d 858, 860 (5th Cir. 1997).

Shaffer's disproportionate sentence challenge in the instant Petition was dismissed by the Mississippi Supreme Court in his post-conviction proceedings as procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1).[12] Under Section 99-39-21(1), failure by a prisoner to raise

---

[11]"This Court will not review a question of federal law decided by a state court if the decision of that courts rests on a state law ground that is independent of the federal question and adequate to support the judgement." *Coleman*, 501 U.S. at 729.

[12]Although the Mississippi Supreme Court did not directly cite to § 99-39-21(1), the language used by the state court tracks that of the statute. *Compare* Mississippi Supreme Court Order [11-3] ("As to Shaffer's disproportionate sentence claim, the panel finds that it is waived

objections, defenses, claims, questions, issues or errors either in law or fact which were capable of determination at trial and/or on direct appeal constitutes a waiver thereof and are procedurally barred. Thus, Shaffer must show that the state of Mississippi does not strictly or regularly apply the procedural bar of Section 99-39-21(1). *See Stokes,* 123 F. 3d at 860. In his Petition, Shaffer makes no argument in this regard. Thus, his challenge remains procedurally barred unless an exception applies.

A federal court may consider a defaulted claim under two narrow exceptions: cause and actual prejudice or miscarriage of justice. *Bagwell v. Dretke,* 372 F.3d 748, 755 (5th Cir. 2005). Shaffer argues that his ineffective assistance of counsel on direct appeal provides cause to avoid this procedural bar, because his counsel failed to raise the issue.[13] The United States Supreme Court has held: "[T]he question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made.  So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland* . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). As outlined below, Shaffer has not established that his appellate counsel was ineffective under *Strickland*, and thus his disproportionate sentencing challenge remains procedurally barred.

---

because it was not raised on direct appeal."), *with* Miss. Code § 99-39-21(1) ("Failure by a prisoner to raise objections, defenses, claims, question, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal . . . shall constitute a waiver thereof and shall be procedurally barred . . . .").

[13]*See* Petition [1] at 13-14. Shaffer raises no miscarriage of justice arguments in his Petition, and as outlined below, the undersigned finds that Shaffer is not entitled to habeas relief.

Claims Considered on the Merits

To the extent Shaffer's claims were adjudicated on the merits in state court, Section 2254(d) provides that a federal court may not grant habeas relief unless the state court's adjudication of the claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Federal courts review pure questions of law, as well as mixed questions of law and fact, under subsection (d)(1). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). For purposes of subsection (d)(1) analysis, "unreasonable" does not equate with "incorrect." *Garcia v. Dretke*, 388 F.3d 496, 500 (5th Cir. 2004). A federal court cannot grant habeas relief based on a mere disagreement with the state court decision. *Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997). Pure questions of fact are reviewed under subsection (d)(2).  *Corwin v. Johnson,* 150 F.3d 467,  471 (5th Cir. 1998). Determination of a factual issue made by a state court is entitled to a presumption of correctness which the petitioner has the burden of rebutting by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Schriro v. Landrigan*, 550 U.S. 465, 474-74 (2007). Federal courts may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986).

*Ineffective Assistance of Appellate Counsel*

As outlined above, the Mississippi Supreme Court held that Shaffer's first ground for habeas relief was procedurally barred under Mississippi law. Shaffer now attempts to bring those grounds before this Court in the context of an ineffective assistance of counsel claim. As outlined above,

ineffective counsel on direct appeal may provide cause to avoid a procedural bar, but the "cause and prejudice" test is only satisfied if counsel's performance is rendered ineffective under the *Strickland* standard. *Murray*, 477 U.S. at 488.

In *Strickland*, the United States Supreme Court defined the standard by which an ineffective assistance of counsel claim in a habeas proceeding is to be measured: the petitioner must show that his "counsel's performance was deficient" and that such "deficient performance prejudiced the defense." *Id.*; *see also Motley v. Collin*, 18 F.3d 1223, 1226 (5th Cir. 1994) (stating that satisfaction of the standard requires a showing that counsel's acts "fell below an objective standard of reasonableness"). "To meet the prejudice prong of the *Strickland* test, the defendant may not simply allege but must 'affirmatively prove' prejudice." *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir. 1986) (citing *Celestine v. Blackburn*, 750 F.2d 353, 356 (5th Cir. 1984)). The petitioner must establish that the outcome of his appeal would have been different "but for the counsel's alleged errors," and that "the result of the proceedings was fundamentally unfair or unreliable." *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995) (internal quotations omitted).

This Court's "scrutiny of counsel's performance must be highly deferential" and it must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. This Court is to evaluate a habeas petitioner's claim for ineffective assistance by looking to the *Strickland* standard. However, the Fifth Circuit has stated that

> It bears repeating that the test for federal habeas purposes is not whether [the petitioner] made [the *Strickand*] showing. Instead, the test is whether the state court's decision – that [the petitioner] did not make the *Strickland*-showing–was contrary to, or an unreasonable application of, the standards provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim.

*Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003). The *Strickland* standard is applied to appellate counsel as well as trial counsel. *Henderson v. Quarterman*, 460 F.3d 654, 665 (5th Cir. 2006).

In the instant Petition, Shaffer does not show that the Mississippi Supreme Court's decision of his ineffective assistance claim was contrary to, or an unreasonable application of, the *Strickland* standard. A review of the error Shaffer alleges in his Petition does not reflect a "deficient performance" in his appellate counsel's failure to raise it, nor "actual prejudice" as a result.

Shaffer submits that his appellate counsel was ineffective for failing to raise the argument that his twenty-five year sentence was disproportionate to the crime for which he was convicted in violation of the Eighth Amendment. As outlined above, Shaffer was convicted of child exploitation pursuant to Miss. Code § 97-5-33(6), which provides:

> No person shall, by any means including computer, knowingly entice, induce, persuade, seduce, solicit, advise, coerce, or order a child to meet with the defendant or any other person for the purpose of engaging in sexually explicit conduct.

Following his conviction, Shaffer was sentenced to a twenty-five years term of imprisonment, pursuant to Miss. Code § 97-5-35, which provides in part:

> Any person who violates any provision of § 97-5-33 shall be guilty of a felony and upon conviction shall be fined not less than Fifty Thousand Dollars ($50,000.00) nor more than Five Hundred Thousand Dollars ($500,000.00) and **shall be imprisoned for not less than five (5) years nor more than forty (40) years**.

Miss. Code § 97-5-35(emphasis added).

In the instant Petition, Shaffer complains that no one else convicted as a result of the same "sting" was sentenced to a term of imprisonment. He also argues that the "victim" of his offense was

in reality an undercover agent, and thus, Shaffer was in no imminent danger of harming a child.[14]

When evaluating an Eighth Amendment proportionality challenge, the Court must first make a threshold comparison between the gravity of the charged offense and the severity of the sentence. *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992). If the sentence is not grossly disproportionate to the offense, the inquiry is complete. *See id.* at 316. Furthermore, it is "the rare case when a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross disproportionality." *McGruder v. Puclkett*, 954 F.2d 313, 316 (5th Cir. 1992) (quoting *Harmelin v. Michigan*, 501 U.S. 957 (1991) (J. Kennedy, concurring). The Supreme Court has also held that when conducting a gross disproportionality review, "we must place on the scales not only [petitioner's] current felony, but also his long history of felony recidivism. Any other approach would fail to accord to proper deference to the policy judgments that find expression in the legislature's choice of sanctions." *Ewing v. California*, 538 U.S. 11, 29 (2003). If the Court concludes that the sentence is grossly disproportionate, it then proceeds to compare the sentence challenged with (1) sentences imposed for similar crimes in the same jurisdiction and (2) sentences imposed for the same crime in other jurisdictions. *Id.*

In non-capital cases, successful challenges to the proportionality of particular sentences are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). The United States Supreme Court has stated that "our precedents in this area have not been a model of clarity" and that "we have not established a clear or consistent path for courts to follow." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). The Supreme Court has further acknowledged in regard to a disproportionate sentence challenge that "the precise contours . . . are unclear, [and it is] applicable only in the 'exceedingly

---

[14]*See* Petition [1] at 9.

10

rare' and 'extreme case.'" *Id.* at 73.

The undersigned finds that Shaffer presents no such "exceedingly rare" or "extreme case," as the offense for which he was convicted was not grossly disproportionate to his sentence. *Id.* It was made clear at trial that Shaffer made explicit sexual overtures over the course of two months with an individual he assumed was a thirteen-year-old girl. As noted in the dissenting opinion of the Mississippi Appeals Court Judge, "[t]he chatroom transcripts evidence that [Shaffer] believed [Chloe] was a child. Further, the transcripts also reveal that [Shaffer] was making an effort to convince [Chloe] that: she could trust him; he loved her; and they should engage in sexual relations."[15] Indeed, transcripts of Shaffer's conversations with "Chloe" reflect his belief that he was conversing with a child and further reveal the disturbing nature of the interaction:

cowboy 39461 - just doesn't feel like I'm talking to a 13 yr old

. . .

cowboy39461 - I want ya to spend the night with me if ya want

. . .

orlandoluvsme2 - wat kinda stuff u wanna teach me?

cowboy39461 - then say it, "Justin I want you to teach me"

cowboy39461 - do you want to learn everything there is

cowboy39461 - I want to more like show you

. . .

cowboy39461 - do you think can handle me inside you?

orlandoluvsme2  - I dunno I think so

---

[15] *Shaffer*, 72 So. 3d at 1109.

orlandoluvsme2 - don't it hurt?

cowboy39461 - not if I'm gentle with you

cowboy39461 - do ya want to try

. . .

cowboy39461 - you must have been thinking and wanting this for some time huh buy [sic] didn't have anyone ya felt ya could trust huh

orlandoluvsme2 - mebbe

cowboy 39461 - you can trust me baby

. . .

cowboy39461 - what you are looking for is a guy to be nice to you, make you feel safe, make you laugh, go have fund [sic] with, and most of all, teach you everything about sex and make ya realy, realy, [sic] enjoy it a lot

. . .

cowboy39461 - listen, by you doing this for me it'll show me for real you are you and not a cop and I must know ok. its my like and I'm not asking too much of you am I? you won't sound stupid

. . .

cowboy39461 - I know I love you you are the sweetest and you are my girl[16]

Following multiple explicit conversations, Shaffer arranged a meeting with "Chloe," bringing with him condoms and other items that clearly indicated his intention to engage in sexual

---

[16]The excerpts were referenced by Mississippi Court of Appeals Judge Griffis in his dissenting opinion on Shaffer's direct appeal of his conviction. *See Shaffer*, 72 So. 3d at 1109-1114.

intercourse with a minor.  Moroever, the undersigned notes that in addition to his child exploitation conviction, Shaffer was also previously convicted of burglary.[17] Shaffer does not deny his prior burglary conviction or dispute that his punishment was within state statutory limits. *See Long v. Sparkman*, No. 3:11cv29, 2011 WL 4386387 (N.D. Miss. Sept. 20, 2011) ("Habeas corpus relief is proper only if a petitioner is able to show that the sentence imposed 'exceeds or is outside the statutory limits, or is wholly unauthorized by law.'") (quoting *Haynes v. Butler*, 825 F.2d 921, 923 (5th Cir. 1987)).

Accordingly, because Shaffer's disproportionate sentence challenge is without merit, his claim that his appellate counsel was ineffective under *Strickland* for failing to raise the issue on direct appeal likewise fails. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (holding that counsel cannot be deficient for failing to press a frivolous point). Furthermore, as noted by the Supreme Court, the "precise contours" of a disproportionate sentence challenge remain "unclear." *Lockyer*, 538 U.S. at 73. Thus, Shaffer's contention–that his appellate counsel's failure to raise such a tenuous and rarely successful challenge rendered her ineffective–is not well-taken. Finally, a review of the record reveals that Shaffer received a vigorous defense on direct appeal, with his appellate counsel submitting a substantial and thorough thirty-five-page brief[18] to the Mississippi Court of Appeals that resulted in a temporary reversal and remand of Shaffer's conviction. For these reasons, the undersigned finds that the state court's conclusion that this claim did not meet the *Strickland* standard was not contrary to, or an unreasonable application of, clearly established federal law.

---

[17]*See* Petition [1] at 11.

[18]*See* SCR [12-4] at 2-42.

*Ex Post Facto*

An ex post facto law is one which "punish[es] as a crime an act previously committed, which was innocent when done . . . make[s] more burdensome the punishment for a crime, after its commission . . . [or] deprive[s] one charged with [a] crime any defense available according to law at the time when the act was committed." *Collins v. Youngblood*, 497 U.S. 37, 52 (1990). *See* U.S. Const. art. 1, § 10, cl. 1. As of the date Shaffer was charged and conviction of child exploitation, Miss. Code § 97-5-33(6) provided:

> No person shall, by any means including computer, knowingly entice, induce, persuade, seduce, solicit, advise, coerce, or order a child to meet with the defendant or any other person for the purpose of engaging in sexually explicit conduct.

Furthermore, Subsection 8 of § 97-5-33 provided:

> The fact that an undercover operative or law enforcement officer was involved in the detection and investigation of an offense under this section shall not constitute a defense to a prosecution under this section.

Miss. Code § 97-5-33(8) (2006). However, in 2007, § 97-5-33(8) was amended as follows:

> The fact that an undercover operative or law enforcement officer **posed as a child or** was involved **in any other manner** in the detection and investigation of an offense under this section shall not constitute a defense to a prosecution under this section.

Shaffer submits that because he was charged with an offense committed prior to the amendment, his conviction cannot stand because he never actually solicited a child, but merely an adult posing as one, under the statute existing at the time.

The undersigned finds that Shaffer's position is without merit, as the issue turns not on the analysis of Shaffer's conviction under the *ex post facto* clause, but rather the statutory interpretation by a state's highest court of its own laws. The Mississippi Supreme Court did not find Shaffer guilty of a crime not in existence at the time of the offense; rather, the court interpreted the statute as it

14

existed in 2006, and determined that Shaffer's actions fell within its purview:

> Solicitation is sufficient to violate [§ 97-5-33]. 'Solicit' is defined as 'the act or an instance of requesting or seeking to obtain something.' And whether the thing solicited actually exists is irrelevant . . . Stated another way, Mississippi has no crime of attempted child-exploitation because an attempt to exploit a child is, itself, child-exploitation. Shaffer clearly was 'seeking to obtain" sex from a child when he entered a Yahoo! chat room and began an online relationship with Chloe . . . Shaffer will not now be heard to claim that his mistaken understanding of Chloe's age mitigates his attempt to have sex with a minor . . . Shaffer completed the crime of exploitation of a minor when he solicited sex from a minor–whether or not the person he was talking with was actually a minor.[19]

The State court went on to further support its ruling by citing a recent case from the United

States Court of Appeals for the Fifth Circuit, in which the circuit court examined a nearly identical

federal statute and set of circumstances:

> This is the first time we have addressed this issue, but our decision is in concert with other jurisdictions. For instance, in *United States v. Farner*,[20] the defendant, Farner, was convicted under federal law for attempting to entice and persuade a minor to engage in criminal sexual activity, even though he incorrectly believed he was making arrangements to meet a fourteen-year-old girl named "Cindy" to engage in sexual activity.

> The Fifth Circuit held that Farner had violated 18 U.S.C. § 2422(b),[21] even though "Cindy" was an adult FBI agent. The Court states '[d]efendant Farner's scheme, if fully carried out as he 'desired' or 'planned,' was not to engage in sexual relations with an adult FBI officer. By his own stipulation, the person whom he desired to entice was a 14-year-old girl. The only reason he failed was because the true facts

---

[19] *Shaffer*, 72 So. 3d at 1072.

[20] 251 F.3d 510 (5th Cir. 2001).

[21] The statute reads: "Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title, imprisoned not more than 15 years or both." 18 U.S.C. § 2242(b).

were not as he believed them to be.'[22]

In support of his argument, Shaffer cites two state court cases from Alabama, in which the courts of that state came to the opposite conclusion when interpreting its own, similar child exploitation statute.[23] Of course, the analysis of another state court of its own laws is not controlling precedent here, nor was it in the Mississippi Supreme Court.

Because the Mississippi Supreme Court clearly interpreted the meaning of Miss. Code § 97-5-33(6) to cover Shaffer's conduct, he is not entitled to habeas relief on this ground. A federal court does not sit in review of a state court's interpretation and application of its own laws. *See Moore v. Sims*, 442 U.S. 415 (1979) (holding that state courts are the principal expositors of state law). That the statute at issue was later amended in attempt to further clarify the nature of the offense does not render the Mississippi Supreme Court's decision confirming Shaffer's guilt an *ex post facto* violation. As noted by the Respondent, "the 2007 amendment did nothing more than to make explicit what was implicit in the statute prior to its amendment."[24]

Therefore, for these reasons, the undersigned finds that the conclusion of the Mississippi Supreme Court as to this ground was not contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d). Accordingly, any request for habeas relief on this ground should be denied.

---

[22]*Shaffer*, 72 So. 3d at 1072.

[23]Shaffer cites *Tennyson v. State*, 101 So.3d 1256 (Ala. Crim. App. 2012), and *State of Alabama v. Steven John Giardini*, an unpublished, unreported case from the Circuit Court of Mobile County, Alabama.

[24]*See* Answer [11] at 19.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that the relief sought in Shaffer's Petition [1] be denied and that the Petition be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 4th day of September, 2015.

s/ Michael T. Parker
United States Magistrate Judge