**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JUSTIN DAVID SHAFFER**

**VS.**                                              **CIVIL ACTION NO. 1:13cv514-KS-MTP**

**THE STATE OF MISSISSIPPI AND
CHRISTOPHER P. EPPS, COMMISSIONER OF THE
MISSISSIPPI DEPARTMENT OF CORRECTIONS**

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on petition of Justin David Shaffer for *Writ of Habeas Corpus* [1] under 28 U.S.C. § 2254 and  Response [11] by Defendants.  The Court has considered said documents, together with the record in this cause, and finds that the petition should be **denied** and this matter dismissed with prejudice.

### I. PROCEDURAL HISTORY AND BACKGROUND

On August 14, 2008, Petitioner Justin David Shaffer was convicted of child exploitation in violation of Miss. Code § 97-5-33(6),[1] and sentenced to a twenty-five year term of imprisonment without parole and a $50,000 fine in the Circuit Court of Greene County, Mississippi.[2]  He is currently in the custody of the Mississippi Department of Corrections. The facts of Shaffer's case are as follows.

On June 29, 2006, Shaffer logged into a Yahoo chat room under the username

---

[1]"No person shall, by any means including a computer, knowingly entice, induce, persuade, seduce, solicit, advise, coerce, or order a child to meet with the defendant or any other person for the purpose of engaging in sexually explicit conduct." Miss. Code. § 97-5-33(6).

[2]State Court Record ("SCR") [12-3] at 88.

"cowboy39461." Deanna Doolittle also logged into the chat room, posing as a thirteen-year-old girl named Chloe under the username "orlandoluvsme2." Unbeknownst to Shaffer, Dootlittle was actually a twenty-nine-year-old woman serving as a volunteer for an organization called "Perverted Justice." Perverted Justice is an entity that seeks out Internet predators who are looking for minors with whom to have sex.

Doolittle, posing as Chloe, and Shaffer engaged in multiple Internet chats, sometimes discussing sexually explicit topics. Several other Perverted Justice volunteers also posed as Chloe over the course of several phone calls with Shaffer. The two communicated with each other for approximately two months. Eventually, Chloe and Shaffer arranged to meet. Chloe provided Shaffer with the address of a house in Byram, Mississippi, that the Hinds County Sheriff's Department used as a sting house, but Shaffer refused. He proposed meeting at a nearby church in Byram instead. Shaffer arrived at the church on July 8, 2006, where he was promptly arrested by deputy sheriff's officers. Upon a search of Shaffer's vehicle, officers found several condoms and a bottle of KY massage oil. Shaffer was charged with the exploitation of a child by solicitation for the purposes of sexually explicit conduct, and as outlined above, was convicted at trial.

Following his conviction, Shaffer filed a direct appeal to the Mississippi Supreme Court, raising the following issues:

     I.     The trial court erred in interpreting Section 97-5-33 of the Mississippi Code to allow a conviction where no actual minor child is involved in the accused's conduct;

     II.    The trial court erred in admitting the chat logs because they were not authenticated;

     III.   The state violated Mr. Shaffer's right to confront witnesses against him

when introducing the chat logs without calling as a witness the persons responsible for the proxy server;

IV.    The trial judge erred in failing to recuse herself based on her previous involvement in presiding over an attempted prosecution of Mr. Shaffer in a previous case which resulted in a reversal of the conviction and dismissal of the indictment on remand;

V.    Where the same conduct violates two criminal statutes, an accused may only be sentenced under the statute providing the lesser punishment.[3]

The Mississippi Court of Appeals examined these issues on the merits and reversed Shaffer's conviction, finding that although "[t]he evidence showed that Shaffer used sexually salacious language in chatroom . . . and [attempted] to solicit a child for sexually explicit conduct,"  no actual child was involved, and thus the case should be remanded for Shaffer to be sentenced for attempted child exploitation.[4]

On June 16, 2011, the Mississippi Supreme Court granted certiorari review.[5] On October 27, 2011, the Mississippi Supreme Court reversed the judgment of the Mississippi Court of Appeals and reinstated the Circuit Court conviction and sentence in a written opinion. The Mississippi Supreme Court noted in its opinion that solicitation was sufficient to violate Mississippi's child exploitation statute, and found that "whether the thing solicited actually exists" to be an irrelevant inquiry. Specifically, the court held, "Mississippi has no crime of attempted child-exploitation because an attempt to exploit a child is, itself, child-exploitation . . . Shaffer will not now be heard to claim that his mistaken understanding of Chloe's age mitigates

---

[3]*See* Brief of Appellant, SCR, [12-4] at 5.

[4]*Shaffer v. State*, 72 So. 3d 1090 (2010).

[5]Order, SCR, [12-5] at 21.

his attempt to have sex with a minor."[6]

Shaffer filed an Application for Leave to File Motion for Post-Conviction Relief in the Mississippi Supreme Court on January 22, 2013.[7] He raised the following issues through counsel:

I.      Shaffer's sentence of twenty five years without parole is disproportionate and violates the Eighth Amendment of the United States Constitution;

II.     Appellate counsel was ineffective is [*sic*] failing to raise this issue on appeal; and

III.    Shaffer's conviction violates the prohibition against ex post facto application of law.[8]

The Mississippi Supreme Court denied Shaffer's application on February 20, 2013. Specifically, the court held:

> After due consideration, the panel finds that Shaffer's *ex post facto* claim is waived as it was raised throughout his trial and appellate proceedings. As to Shaffer's disproportionate sentence claim, the panel finds that it is waived because it was not raised on direct appeal. Regarding Shaffer's ineffective assistance of appellate counsel claim, the panel finds that Shaffer has failed to meet either prong of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), as his sentence was within the statutory limits. Finally, the panel finds that Shaffer has failed to present a substantial showing of the denial of a state or federal right.[9]

Shaffer filed the instant Petition on February 26, 2013,[10] raising the following issues:

---

[6]*Shaffer v. State*, 72 So. 3d 1070, 1072 (2011).

[7]Application, SCR, [12-7] at 4.

[8]*Id.*

[9]Mississippi Supreme Court order denying post-conviction relief [11-3].

[10]The timeliness of the instant Petition was addressed by Report and Recommendation [9] and Order [10]. As outlined by the Court, Shaffer's counsel filed his Petition on February 26, 2013–one day beyond the AEDPA deadline. According to Shaffer's counsel, she mailed the

4

I.      Shaffer's sentence of twenty five years without parole is disproportionate and violates the Eighth Amendment of the United States Constitution;

II.     Appellate counsel was ineffective is [sic] failing to raise this issue on appeal; and

III.    Shaffer's conviction violates the prohibition against *ex post facto* application of law.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

---

Petition via Federal Express on Saturday, February 23, 2013, because Federal Express promised her on several occasions that a package placed in Federal Express in Jackson, Mississippi before 3:00 p.m. on Saturday would be delivered the following Monday, February 25, 2013. Although Respondents moved to dismiss the Petition on this ground, the Court found that Shaffer's situation presented rare and exceptional circumstances warranting equitable tolling.

### III.  COURT'S ANALYSIS OF ISSUES RAISED BY SHAFFER

In his petition Shaffer raises the following issues:

I.      Shaffer's sentence of twenty-five years without parole is disproportionate and violates the Eighth Amendment of the United States Constitution;

II.     Appellate counsel was ineffective in failing to raise this issue on appeal; and

III.    Shaffer's conviction violates the prohibition against *ex post facto* application of law.

The Court will analyze the three issues in reverse order.

I.      **The *Ex Post Facto* Issue.**

Judge Parker's Report and Recommendation correctly sets forth the law regarding an *ex post facto* law.  It is one which "punish[es] as a crime an act previously committed, which was innocent when done . . .  make[s] more burdensome the punishment for a crime, after its commission . . . [or] deprive[s] one charged with [a] crime any defense available according to law at the time when the act was committed." *Collins v. Youngblood,* 497 U.S. 37, 52 (1990). *See* U.S. Const. art. 1, § 10, cl. 1.

Shaffer, through his attorney, very effectively analyzes the arguments he makes to establish that Shaffer was convicted under an *ex post facto* law.  When he was convicted the applicable statute, Miss. Code § 97-5-33(6) provided:

> No person shall, by any means including computer, knowingly entice, induce, persuade, seduce, solicit, advise, coerce, or order a child to meet with the defendant or any other person for the purpose of engaging in sexually explicit conduct.

Furthermore, Subsection 8 of § 97-5-33 provides:

> The fact that an undercover operative or law enforcement officer was involved in the detection and investigation of an offense under this section shall not constitute a defense to a prosecution under this section.

As stated above, Shaffer's charged conduct began on June 29, 2006 and ended when he arrived for a meeting with Chloe, the supposed minor child, on July 8, 2006. The above statute was in effect in 2006, but Subsection 8 was amended in 2007 to read:

> The fact that an undercover operative or law enforcement officer **posed as a child** or was involved **in any other manner** in the detection and investigation of an offense under this section shall not constitute a defense to a prosecution under this section.

The allegation by Sheaffer is that the 2007 amendment creates an *ex post facto* law. It is obvious that the law was changed after the alleged offense, but this issue, the statutory interpretation of § 97-5-33, both pre-amendment and post-amendment, is the lynchpin issue. The Mississippi Supreme Court opined in Sheaffer's direct appeal, heard on *Writ of Certiorari*, that Sheaffer completed the crime of exploitation of a minor when he solicited sex from a minor -"whether or not the person he was talking with was actually a minor." *Shaffer v. State*, 72 So. 3d, 1072 (2010). This Court does not sit in review of a state court's interpretation and application of its own laws. *See Moore v Sims*, 442 U.S. 415 (1979). (Holding that state courts are the principal expositors of state law). Shaffer's objections cite Alabama cases that are contrary to the ruling made by the

7

Mississippi Supreme Court.  However, Alabama case law is not controlling for the Mississippi Supreme Court.  The ruling was not contrary to nor involved an unreasonable application of clearly established federal law and, therefore, the claim that his conviction is based on an *ex post facto* law is not well taken.

## II.     Appellate Counsel was ineffective in failing to raise the proportionality issue on appeal.

Judge Parker's analysis of the ineffective assistance of counsel issue is thorough and correct.  To establish a *Strickland* violation,[11] Plaintiff must establish that the outcome of his appeal would have been different "but for the counsel's alleged errors" and that "the results of the proceedings was fundamentally unfair or unreliable."  *Vuong v. Scott*, 62 F. 3d, 673, 635 (5th Cir. 1995).   The sentence of twenty-five years was within the statutory range of five to forty years as set forth in Miss. Code § 97-5-35.  While Shaffer, through his attorney, sets out an extensive list of cases similar to his with much lesser sentences, this is not controlling.  In addition to a court's requirement to be deferential to the attorney, proportionality cases have very rarely been successful.  Shaffer has not met his burden on this issue and the Court finds that his objections are not well taken.

## III.     Shaffer's sentence of twenty-five years without parole is disproportionate and violates the Eighth Amendment of the United States Constitution.

Shaffer's disproprionate sentence challenge was dismissed by the

---

[11] *Strickland v Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)

Mississippi Supreme Court in his post conviction proceeding as being procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1).  Pursuant to said statute, "failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in law or in fact which are capable of determination at trial and/or direct appeal, constitutes a waiver thereof and are procedurally barred." To be successful Shaffer must show that Mississippi does not strictly or regularly apply the procedural bar of § 99-39-21(1).  He makes no argument in this regard and this challenge remains procedurally barred unless an exception applies.

The federal court may consider a defaulted claim under two narrow exceptions: cause and actual prejudice or miscarriage of justice.  As found above, no valid argument has been put forth by Shaffer on this issue.  Shaffer's appellate counsel was not ineffective under *Strickland* and, therefore, the disproportionate sentencing challenge remains procedurally barred.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Shaffer's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Justin David Shaffer's  claim is **dismissed with prejudice**.

**SO ORDERED this, the <u>25th </u> day of November, 2015.**

*s/Keith Starrett*
**UNITED STATES DISTRICT JUDGE**

10